THE MERCHANTS' BANK, Respondent, *v.* P. A. BERTHOLD, Appellant.

1. *Bills and notes — Protest, notice of—Forwarding—Proof as to res gestœ.—* In a suit against the indorsers on a promissory note, when a controversy arose as to the time and manner of forwarding the notices of protest, the declarations of one who delivered them to defendants, made at the time of delivery, were sought to be introduced in evidence, although it did not appear how he came by them, or that the notary delivered them to him, or had ever seen or heard of him. *Held*, that such declarations were not to be regarded as *res gestœ* in connection with the forwarding of the notices, and were inadmissible.

*Appeal from St. Louis Circuit Court.*

*Garesche & Mead*, for appellant, cited 1 Greenl. Ev., § 108, 12th ed. ; Field & Beardslee v. Liverman, 17 Mo. 218 ; Crowther v. Gibson, 19 Mo. 366 ; Webster v. Canmann, 40 Mo. 156 ; Morrison v. Hancock, *id.* 561 ; Gay v. Gay, 5 Allen, 157 ; Sessions v. Little, 9 N. H. 276 ; Featherman v. Miller, 45 Penn. 96 ; Tobin v. Shaw, 45 Maine, 347 ; Hall v. Jones, 37 N. H. 144 ; Tucker v. Peaslee, 36 N. H. 181 ; Beardslee v. Steinmesch, 38 Mo. 168 ; State, to use of Clendenin, v. Schneider, 35 Mo. 536.

CURRIER, Judge, delivered the opinion of the court.

The defendants are residents of St. Louis, and are. sued as the indorsers of a negotiable promissory note payable at St. Genevieve, Missouri. The note matured and was protested for non-payment, May 24, 1867. The notary who protested the note testified that he mailed the usual notices to the defendants on the day of the protest, inclosed in envelopes addressed to the defendants at St. Louis. The notices and envelopes were produced in court and identified by the notary as those forwarded by him from St. Genevieve ; but there were no marks upon them indicating that they had ever passed through the post-office. The defendants testify that they received the notices in St. Louis, June 8th, fifteen days after the protest ; that they were delivered to them by a party not known to them, but who was connected with a steamboat running between St. Genevieve and St. Louis,

and who was not a mail carrier ; that they had been unable to find this party, although diligent search had been made for him, as was testified. The defendants then offered to put in evidence his declarations made at the time of the delivery of the notices, which, on objection, the court excluded, and the defendants excepted. This is the only point presented for consideration.

The defendants insist that the excluded evidence should have been received as constituting a part of the *res gestæ*. Treating the declarations as verbal acts connected with the delivery of the notices, they might possibly be regarded as *res gestæ*, or a thing done in connection with that particular fact. But that is not the point. The principal fact material to this cause is not the delivery, but the forwarding of the notices. If they were duly forwarded from St. Genevieve, that is sufficient; and that was the point of inquiry. In order to make the declarations of the party who delivered the notices evidence under any circumstances, as bearing upon the act of forwarding, it was indisputably necessary to connect him with that particular act. There is no such connection shown. He had the notices in possession, but how he came by them does not appear. It does not appear that the notary delivered them to him, or that the notary ever saw or heard of him. Under these circumstances there is no view of the case that can render the declarations in question competent evidence. As bearing upon the question of forwarding, no rational distinction can be drawn between these declarations and other merely hearsay testimony.

The judgment must consequently be affirmed. The other judges concur.